610 P.2d 752

John A. **MITCHELL** and Sharon O. Mitchell, his wife, Plaintiffs-Appellants,

v.

Albert H. **HEDDEN** and Madelon Hedden, his wife, and The City of Santa Fe, Planning Department, Defendants-Appellees.

No. 12732.

Supreme Court of New Mexico.

May 5, 1980.

John A. Mitchell, pro se.

Harry S. Connelly, Jr., Frank R. Coppler, Santa Fe, for defendants-appellees.

## OPINION

PAYNE, Justice.

The Mitchells filed a petition challenging the legality of the City of Santa Fe's approval of a proposed subdivision adjacent to their property. The subdivision was originally approved by the City Engineer and City Planner in a summary proceeding. The Mitchells alleged that the City's summary proceeding for creating subdivisions was never properly adopted. The City filed a motion for summary judgment which the trial court granted. Plaintiffs appeal and we reverse.

On March 30, 1966, the Planning Commission of the City of Santa Fe recommended the disputed summary subdivision procedure to the City Council. The Mitchells contend that the City Council minutes do not show that the City Council, at any time, "approved by resolution" the recommended subdivision procedure. The Council minutes produced by the City as evidence of the adoption of the subdivision procedure shows a discussion of the procedure, but the minutes are unclear as to whether it was adopted. There is not a formal document in the record purporting to be a resolution adopting the summary procedure. The minutes referred to a public hearing that was to be held on some of the issues discussed at the meeting. This raises a question of fact as to whether the procedure was "established" within the meaning of the applicable state statutes at the same meeting on March 30th.

The proceeding for summarily approving subdivisions was created pursuant to Section 3–20–8(B), N.M.S.A.1978, which provides in part:

B. In lieu of the requirements of Section 30–2–7 NMSA 1978, the following procedure may be followed:

(1) *the planning authority shall establish a summary procedure* for approving:

(a) subdivisions of not more than two parcels of land;

(b) resubdivisions, where the combination or recombination of portions of previously platted lots does not increase the total number of lots; or

(c) subdivisions of two or more parcels of land in areas zoned for industrial use. . . . (Emphasis added.)

A question that must be resolved under the facts in this case is whether the "planning authority" referred to in the statute is the City Council or the City Planning Commission.

The City Council adopted ordinance § 31–1 limiting the authority of its planning commission as follows:

[all] rules, procedures, standards and other regulations, including any amendments thereto as may be adopted by the planning commission, shall not become effective and shall not be enforced until and unless the same may be approved by resolution of the city council.

Even if the summary procedure recommended to the City was not adopted by a formal ordinance, this would not prevent the Council from establishing such a means. The Planning Commission is not empowered to unilaterally establish the summary procedure unless "the same [is] approved by resolution of the city council."

We hold that the planning authority in this case is the City Council. The Planning Commission is a creature of the City Council and has no authority independent of the City Council. Ultimate planning decisions within the City rest with the City Council. § 3–19–1, N.M.S.A.1978.

Giving appellants the benefit of all reasonable inferences, we find that an issue of fact exists as to whether the City Council ever "established" the subdivision procedure, either formally or by implication. When there is a genuine issue as to any material fact, summary judgment is improper. *See Akre v. Washburn*, 92 N.M. 487, 590 P.2d 635 (1979), and cases cited therein.

A finding that the City Council adopted a "resolution" approving the Planning Commission recommendations would be dispositive. Short of this, the trial court must find that the City Council "established" the procedure by some other means if the subdivision is to be valid.

The cause is remanded for further action consistent with this decision.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.