**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID A. YALOWIZER
and JOE YALOWIZER,

　　　　Plaintiffs-Appellants,

v.

THE TOWN OF RANCHESTER,
WYOMING, by and through BRAD
LANKA, in his official capacity and
by and through the MEMBERS OF
THE TOWN COUNCIL, in their
official capacity, and THE TOWN OF
RANCHESTER BOARD OF
ADJUSTMENT,

　　　　Defendants-Appellees.

Nos. 99-8098
00-8047
(D.C. No. 98-CV-1063-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

\*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiffs David and Joe Yalowizer brought this action pursuant to 42 U.S.C. § 1983 claiming that defendants violated their constitutional rights relative to their operation of a meat-processing business in a residential area of the town of Ranchester, Wyoming. In particular, they contend that defendants violated their rights to equal protection and substantive and procedural due process and improperly retaliated against them for exercising their rights to free speech. The district court granted summary judgment against plaintiffs on their equal protection and due process claims, and a jury returned a verdict against them on their retaliation claim. The district court also awarded defendants their attorney fees under 42 U.S.C. § 1988. Plaintiffs appeal. For the reasons explained below, we affirm.

**I.**

Because the basic facts are relevant to the district court's grant of summary judgment, we present them in the light most favorable to plaintiffs. [1] David

---

[1] In so doing, we are generally limited to those facts as recited by the district

(continued...)

-2-

Yalowizer and his son, Joe, owned residential property in Ranchester that was zoned to allow "home occupations." Apparently sometime before 1995, plaintiffs, primarily David, began operating a meat-processing business at the property as a home occupation, with some assistance from Joe. In 1995, there was a proposal to pave many of the streets in Ranchester, including those around plaintiffs' property, and they opposed the proposal because they could not afford their assessment for the project. After an argument with David regarding the proposal, Susan Lee, a town planning commission member who favored the proposal, told David that she did not think his home occupation complied with town ordinances and said she would try to shut it down if he did not support the proposal.

_____

[1](...continued)
court because plaintiffs have improperly cited the record in their briefs and have violated this court's rules in submitting their appendix. Record citations in their brief are largely to trial testimony. The district court obviously did not have trial testimony before it when considering defendants' summary judgment motion, and plaintiffs did not move for reconsideration of the court's summary judgment decision after presenting their trial evidence. We therefore will not consider this evidence in reviewing the court's grant of summary judgment. *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1502 n.12 (10th Cir. 1994). Additionally, plaintiffs violated 10th Cir. R. 10.3(D)(2) by failing to include copies of the summary judgment briefs in the appendix they submitted. Thus, to the extent their summary judgment brief might have provided a road map to the voluminous summary judgment evidence plaintiffs submitted, we are left stranded, and we will not sift through the record to determine what factual assertions plaintiffs make are supported by summary judgment evidence. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992). Neither party contends the district court inaccurately presented the facts for summary judgment purposes.

Defendant Brad Lanka, mayor of Ranchester, was also upset by David's opposition to the project. Voters rejected the paving proposal.

Concerned about Lee's opposition to his business, David talked to town representatives who suggested that he obtain a variance to authorize his home occupation. He applied for a variance, and in May 1996, he was granted one with two restrictions: (1) that it would be reviewed every two years at an advertised public hearing; and (2) that the variance would expire on transfer of ownership of the property.

The town subsequently proposed and approved another, more limited paving project that included streets around plaintiffs' property. David wrote to the town stating that he could not afford his assessment for the project and would not pay it. He also had discussions with defendant Lanka regarding his opinion that his assessment was unfair. In the fall of 1996, Lanka told David that he was operating on just a variance and that if David did not pay the assessment, the town would revoke the variance.

Although the record does not indicate that plaintiffs paid their assessment, they continued to operate their meat-processing business until late 1997, when David needed to sell the property to raise money. David's brother Mike offered to purchase the property for $125,000 as long as he could keep operating the meat-processing business. Mike asked the town council to remove the restrictions

on the variance so that he could obtain the financing necessary to make the purchase. In February 1998, the town's attorney advised the council that a variance was not the appropriate way to allow Mike to continue the business, but that a special exemption might be more appropriate. Meanwhile, David requested that the property be rezoned for business use and that the restrictions on the variance be removed. These requests were denied, as was the request for a special exemption. In June 1998, the town council revoked the variance on the basis that the "legal requirements" for the variance had not been met. David sold the property in January 1999 for less than Mike had offered.

Rather than pursue an appeal of the council's decision, plaintiffs brought this action asserting that defendants violated their constitutional rights to procedural and substantive due process and equal protection. They also claimed that defendants' actions were retaliation for expression of their free-speech rights in opposing the paving projects. The district court granted defendants' motion for summary judgment on the due process and equal protection claims and on Joe Yalowizer's retaliation claim. David's retaliation claim proceeded to trial, and the jury returned a defense verdict. The district court granted defendants' motion for their attorney fees including those incurred in conjunction with the trial. In appeal No. 99-8098, plaintiffs challenge the district court's grant of summary judgment on their substantive due process and equal protection claims

and on Joe's retaliation claim. They also challenge evidentiary and jury instruction rulings the court made at trial. In appeal No. 00-8047, they appeal the district court's award of attorney fees.

**II. No. 99-8098**

Before we begin our consideration of plaintiffs' arguments, we have several significant observations. First, throughout the entire time plaintiffs owned the property, and despite whether or not plaintiffs had a variance, defendants never prohibited plaintiffs from operating their meat-processing business. Second, plaintiffs have never succinctly explained in any document submitted to this court what the bases are for their substantive due process and equal protection claims. They recite a series of "bad facts" and then contend defendants violated their rights but without identifying exactly what those rights are, whether they be, for example, the right to operate their home occupation, the right to a variance, the right to transfer a variance, or the right to a special exemption. Third, plaintiffs have not attempted to demonstrate that they qualified for, much less were entitled to, a variance (with or without restrictions), a special exemption, or rezoning. Finally, we note the general rule that "[f]ederal courts should be reluctant to interfere in zoning disputes which are local concerns." *Norton v. Vill. of Corrales*, 103 F.3d 928, 933 (10th Cir. 1996).

-6-

The district court granted summary judgment on plaintiffs' substantive due process and equal protection claims and on Joe Yalowizer's retaliation claim. We review the court's grant of summary judgment de novo, applying the same standards under Fed. R. Civ. P. 56(c) that the district court used. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

A. *Substantive Due Process*

The district court rejected plaintiffs' substantive due process claim for two reasons. First, it held that plaintiffs did not have a property right in the variance because it was wholly within the town council's discretion to renew the variance. Second, it found that plaintiffs failed to show invidious discrimination, presence of a suspect class, or infringement of a fundamental interest, or that the town's decision was arbitrary and capricious. We need address only the first reason given by the district court because it is a sufficient basis on which to reject plaintiffs' claim.

To prevail on a substantive due process claim, plaintiffs must establish that defendants' actions deprived them of a protectible property interest, which in this situation means a legitimate claim of entitlement to some benefit. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). "In municipal land use regulation cases such as this, the entitlement analysis presents a question

of law and focuses on whether there is discretion in the defendants to deny a zoning or other application filed by the plaintiffs." *Id.* (quotation omitted). Plaintiffs must therefore show that defendants had limited discretion to deny or revoke their variance. "Otherwise, [defendants'] decisionmaking lacks sufficient substantive limitations to invoke due process guarantees." *Id.* (quotation omitted).

Plaintiffs fall far short of demonstrating that they had a property interest subject to due-process protections. Indeed, they never specifically identify the property interest of which defendants' actions allegedly deprived them. Assuming the property interest is a variance without restrictions, they fail to identify what standards, for example, a local ordinance or state statute, govern the issuance of variances and fail to show how defendants had limited discretion under these standards to deny them a variance. Plaintiffs have therefore failed to demonstrate that defendants' authority to issue variances is bound by the substantive limitations necessary to invoke due-process guarantees. To the extent that the Third Circuit case on which they rely, *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 600-01 (3d Cir. 1995), holds that mere property ownership and the intent to use the property in a particular manner are sufficient to establish a protectible property interest regardless of whether there is a

legitimate claim of entitlement to some benefit, we find that case clearly inconsistent with the law of this circuit and unpersuasive.

*B. Equal Protection*

Plaintiffs contend that defendants violated their rights to equal protection by treating them arbitrarily and capriciously as a "class of one." The Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In analyzing plaintiffs' equal protection claim, the district court assumed that the town council had treated them differently from others similarly situated, but rejected their claim on the ground that defendants had a reasonable basis on which to deny the variance.

The district court was overly generous in assuming differential treatment. Plaintiffs may have been similarly situated to others in town who operated home businesses, but they have not demonstrated that they were treated differently enough to state a constitutional violation. Again, we are hampered by plaintiffs' failure to state explicitly what differential treatment forms the basis for their claim. But as to the most critical aspect of defendants' treatment of them, defendants never prevented them from operating their meat-processing business,

regardless of whether they had a variance.  In response to their concern about the planning commission member's threat, town representatives suggested that plaintiffs obtain a variance, but defendants never required plaintiffs to obtain a variance to continue their operations.  The variance they received contained two restrictions.  One stated that it would be reviewed periodically, a restriction similar to that imposed on the only two other variances we noted in the record. *See* Appellants' App., Vol. II at 273-74.  The other restriction provided that it would expire on transfer of ownership of the property.  Plaintiffs refer to only one other variance they contend was transferable.  Not only do they refer to the trial transcript, which is irrelevant for summary judgment purposes, but the relevant exhibit discussed in the transcript is not in the record submitted to us.  Moreover, David's attempt to testify regarding this transferable variance was precluded on hearsay and foundation grounds.    *See id.*, Vol. V at 1061-63.  Finally, plaintiffs have failed to show how they were treated differently in the revocation of the variance, denial of a special exemption, or any other significant dealing with the town.  In short, plaintiffs did not meet their burden of showing differential treatment.

But even if, like the district court, we assume differential treatment, plaintiffs have failed to demonstrate that defendants arbitrarily and capriciously denied their variance or took other action of which they complain.  Plaintiffs

contend that "there were a whole host of issues regarding ill will and unequal treatment, of which the denial of the variance was just a part." Appellants' Br. at 23. However, this alleged "host of issues" does not demonstrate arbitrary and capricious treatment:

- Although plaintiffs complain about the planning commission member threatening to have their business shut down for opposing the paving project, she voted in favor of their variance.

- Plaintiffs contend that the revised paving proposal was gerrymandered to include them, and to require them to pay a portion of the assessed cost, but they cite no valid summary judgment evidence to support this contention.

- They claim defendants treated them differently from others by requiring them to obtain a variance, placing limitations on it, and then refusing to remove the limits or grant them a special exemption or rezoning, a contention we have already rejected.

- The contend the mayor became "upset" when David opposed the paving proposal, threatened to "pull" plaintiffs' variance because they refused to pay their share of the assessed cost of the paving project, told the town council there was "nothing to vote on" with respect to renewing the variance and threatened to "whip [plaintiffs'] asses." Regardless of whether the mayor's actions were appropriate, they fall far short of mistreatment of a constitutional magnitude.

The district court did not err in granting summary judgment on plaintiffs' equal protection claim.

*C. Joe Yalowizer's Retaliation Claim*

The district court dismissed Joe's retaliation claim because his claim was based on an alleged violation of his father's free speech right rather than his own. In arguing that the court erred and that defendants retaliated against Joe for his own speech, plaintiffs cite only trial testimony regarding Joe's allegedly protected speech. Because this evidence was not before the district court when it granted summary judgment on this issue, we will not consider it on appeal. We therefore reject this claim of error.

*D. Exclusion of Evidence at Trial*

David Yalowizer challenges three district court rulings excluding evidence at trial on his retaliation claim. He contends this evidence would have shown how defendants favored those who did not "rock the boat," and mistreated others such as him who did, as well as showing defendants' general ill-will toward him. We review a district court's exclusion of evidence for abuse of discretion. *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

David first contends that the court abused its discretion by excluding evidence that the town allowed other home businesses to operate without variances. The court found this evidence irrelevant to his retaliation claim because David was also allowed to run his home business even after his variance had been revoked. The evidence therefore did not show that he was treated

differently from other home business operators. We agree there was little relevance to this evidence and see no error in its exclusion.

David next contends that the court erred by not allowing him to present evidence that defendants threatened to revoke the variance of another resident who operated a business who had opposed some unspecified proposition advanced by the town. He contends he offered this evidence pursuant to Fed. R. Evid. 404(b) to show "'motive, opportunity, (and) intent.'" Appellant's Br. at 28 (quoting Rule 404(b)). The district court excluded the evidence as barred by Rule 404(b)'s provision that evidence of other wrongs "is not admissible to prove the character of a person to show action in conformity therewith." *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999) (noting that the basis for Rule 404(b)'s exclusion of evidence of other wrongs is that "such evidence is of slight probative value yet very prejudicial"). While David's proffered evidence may also have some legitimate value as he contends, we see no error in the court's viewing it as it did and excluding it.

Finally, David contends that the court should not have excluded evidence that defendant Lanka called plaintiffs out into the street from a bar and told them he was going to "whip (their) asses." He contends this would have shown Lanka's animosity toward plaintiffs. Despite the court's granting of defendants' motion in limine excluding this evidence, David testified regarding this incident,

-13-

and the court did not strike the testimony. We thus find this claim of error

unpersuasive.

*E. Jury Instructions*

The district court instructed the jury that

[i]n order for Mr. Yalowizer to prove that his speech in opposition to
the paving district was a substantial or motivating factor in the
Town's decision not to withdraw or modify the limitations in the
variance or in the Town's decision not to renew the variance,
Mr. Yalowizer must prove by a preponderance of the evidence that
a majority of the governing body of the Town of Ranchester acted
with the improper motive to punish Mr. Yalowizer for his speech.

Appellants' Br, Att. 4, Inst. 17. David argues that the district court erred by

refusing to instruct the jury essentially that the town could be liable based on the

actions of Mayor Lanka if those actions reflected official town policy or if the

town had delegated relevant decision-making authority to him.

We review a district court's decision not to give a requested jury

instruction for an abuse of discretion, but review the instructions as a whole de

novo to determine whether they correctly and adequately stated the governing

law. *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1152 (10th Cir. 1999).

David contends that the court was compelled to give the requested instructions by

*McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997), and *Ware v. Unified Sch.

Dist. No. 492*, 902 F.2d 815 (10th Cir. 1990). Relevant to this issue, these cases

state only the unremarkable proposition that, for § 1983 claims, "a governmental

-14-

body will only be held liable for the results of decisions made by the final policymaker, as defined by state law." *Ware*, 902 F.2d at 817; *McMillian*, 520 U.S. at 785-86. While final decisionmaking authority may be delegated, *Ware*, 902 F.2d at 817, the record clearly contains insufficient evidence to support David's contention that the town council had delegated its final decisionmaking authority regarding David's variance and related matters to Mayor Lanka. We also see no error in the court's refusal to give a requested instruction based on Wyo. Stat. Ann. § 15-1-108(a)(ii), which provides that the mayor shall have "superintending control of all officers and affairs of the city or town." Like the district court, we do not interpret this statute as giving final decision-making authority on all town issues to the mayor.

### III. No. 00-8047

Following grant of the summary judgments and the jury verdict in defendants' favor, defendants moved for their attorney fees under 42 U.S.C. § 1988. The district court recognized the rarity of attorney fee awards to successful civil rights defendants, especially when a claim has proceeded to trial. Nonetheless, it concluded that plaintiffs' claims were frivolous, and it found that defendants' claimed fees totaling $70,906.06 were fair and reasonable. It determined that plaintiffs would be jointly and severally liable for defendants' fees incurred up to the time summary judgment was granted, at which time Joe

-15-

was dismissed from the case, and that David would be liable for the remainder. On appeal, plaintiffs challenge generally the award of fees, though they do not challenge the court's particularized determination that the fees claimed were fair and reasonable.

"[A] prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations and citations omitted). We review the district court's decision to award attorney fees for an abuse of discretion, but review de novo the district court's application of the legal principles underlying that decision. *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.* , 223 F.3d 1143, 1146 (10th Cir. 2000).

Turning first to the award of fees with respect to the claims on which the court granted summary judgment, we see no error in the court's implicit finding that these claims were frivolous. [2] As is evident from our earlier discussion of

---

[2] The court's order awarding fees discussed the frivolousness of only the retaliation claim that went to trial, and not the other claims on which the court granted summary judgment. Without much argument, plaintiffs challenge the court's apparently implicit findings that these claims were also frivolous, though

(continued...)

these claims, plaintiffs did not present close or novel issues--the claims failed at the most rudimentary stages--and they have not demonstrated that the court abused its discretion by finding them frivolous.

Determining whether the retaliation claim that survived summary judgment and proceeded to trial was frivolous presents a somewhat closer question. Nonetheless, an award of fees in such situations is not prohibited. *See Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392-93 (8th Cir. 1995); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The district court had noted in denying defendants' summary judgment motion on this issue that plaintiffs' evidence of retaliation was weak, and it concluded following trial that this claim was founded solely on David's speculation that defendants had retaliated against him. The court also found the claim frivolous because of David's inability to overcome defendants' affirmative defense that they would have taken the same action regardless of David's speech opposing the paving projects. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977). Perhaps the court should have granted summary judgment on the retaliation claim; that issue, however, is not before us. But we have reviewed the trial transcript and agree

---

[2](...continued)
they do not object to the court's failure to explain its reasoning on the record. While the court should have stated its reasoning explicitly, in this situation we do not find its failure to do so to be reversible error.

-17-

with the district court that David presented no evidence of retaliation (other than his personal speculation), and that even if he did, he did not present a colorable argument to overcome the *Mt. Healthy* defense. Although awarding fees to defendants in civil rights case is, and should be, rare, we cannot say that the district court abused its discretion in determining that the retaliation claim was frivolous. We therefore affirm the award of fees.

The judgments of the district court on the merits and on attorney fees are AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge