FILED
United States Court of Appeals
Tenth Circuit

August 18, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————

DEREK THIESS,

    Plaintiff - Appellant,

v.

CITY OF WHEAT RIDGE, COLORADO,
a home rule municipality; KENNETH
JOHNSTONE, in his individual capacity,

    Defendants - Appellees.

No. 19-1394
(D.C. No. 1:17-CV-02261-PAB-SKC)
(D. Colo.)

————————————————

**ORDER AND JUDGMENT**[*]
————————————————

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
————————————————

Derek Thiess claims that the City of Wheat Ridge, Colorado, and the head of

the city's building department, Kenneth Johnstone, subjected him to frequent,

arbitrary harassment as he tried to expand and remodel a home. Thiess sued,

asserting various claims under both federal and state law. Defendants moved to

dismiss, and Thiess never responded to that motion. The district court eventually

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted the motion with prejudice as to Thiess's federal claims and declined jurisdiction over his state-law claims.

Thiess now appeals that ruling. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

## I.      STANDARD OF REVIEW

The parties dispute the appropriate standard of review in light of Thiess's failure to respond to the motion to dismiss. Defendants say the most this court may do is review for plain error—and because Thiess does not assert plain error, this court must affirm. *Cf. Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."). Thiess counters that the traditional de novo standard still applies.

Because we find that we would reach the same outcome even under de novo review, we will apply that standard. We leave for another day the question of what standard of review applies in circumstances such as these, where a party fails to respond to a motion to dismiss and then appeals from the order granting that motion on the merits.

Under de novo review, we apply the same standard as the district court, *i.e.*, we "assume the[] veracity" of the plaintiff's "well-pleaded factual allegations," and

---

[1] *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000) ("Federal appeals courts have consistently held . . . that they have jurisdiction to review a district court order dismissing federal claims on the merits where the district court subsequently exercised its discretion under [28 U.S.C.] § 1367 to remand supplemental state law claims to state court.").

then ask whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) (internal quotation marks omitted).

## II. BACKGROUND & PROCEDURAL HISTORY

We accept as true the following allegations from Thiess's second amended complaint (his final complaint in the district court).

Thiess is a general contractor who operates through his company, The Mystinfield Group, LLC, to remodel homes. He is also a manager of Colleton Holdings, LLC, which purchased a residential property in Wheat Ridge in September or October 2011. The Wheat Ridge Housing Authority, "an entity closely tied to [defendant] Kenneth Johnstone," had been planning to buy the same property, but Colleton bought it first. Aplt. App. at 22.

Colleton contracted with Thiess's company, Mystinfield, to remodel the home and construct an addition. For the next few years, Thiess ran into frequent and unusual red tape within Wheat Ridge's building department, which Johnstone supervised. For example, the building department sometimes delayed or rejected permits for spurious reasons, such as for submitting plans on the wrong color of paper even though the department had no paper color requirement. When the department granted permits, it granted them for a shorter duration than was otherwise typical. Sometimes the department would issue violation notices against the property before having inspected it for the violation in question.

3

At the direction of Johnstone or others within city management, the Wheat Ridge Police Department closely monitored the property for signs of unpermitted activity and encouraged a neighbor to make complaints in that regard. On at least one occasion, the building department ordered remedial measures on the property and then, when Mystinfield's subcontractor went out to perform that remediation, the police cited the subcontractor for unpermitted work.

At Johnstone's and a city councilmember's instigation, the city brought a municipal criminal action against Thiess in February 2015, alleging building code violations—the only time on record the city had criminally prosecuted such violations. In June 2015, while the original prosecution was still pending, the city instituted a second prosecution, alleging that Thiess had been working without a permit on a particular day—"a day Thiess was not even present in Wheat Ridge." *Id*. at 39.

In September 2015, the city dropped both prosecutions at Johnstone's direction. By this time, however, Thiess had decided he could no longer endure the "targeted harassment," and he listed the property for sale. *Id*. at 42.

While the property was on the market, the building department continued to issue violation notices, apparently including a violation based on attempting to sell the property without a city permit. Eventually Thiess obtained the necessary permit. He—or, more accurately, Colleton—sold the property at a loss in April 2016.

The city treated the new owner and developer "very differently," and did not "subject[] [them] to the same building code requirements." *Id*. at 45. The new owner

4

resold the property in February 2017 for more than double the price at which it bought the property from Colleton.

Based on the foregoing, Thiess himself (not Colleton or Mystinfield) brought suit, alleging federal constitutional causes of action (by way of 42 U.S.C. § 1983) and common-law torts. Thiess's constitutional causes of action comprised:

- arbitrarily treating Thiess differently as compared to similarly situated contractors, in violation of the Equal Protection Clause of the Fourteenth Amendment—*i.e.*, a "class of one" claim, *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); and

- a municipal custom, practice, or policy of arbitrarily treating Thiess differently as compared to similarly situated contractors, thus making the city liable for the class-of-one Equal Protection violation, per the doctrine of municipal liability established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[2]

Defendants moved to dismiss, arguing under Federal Rule of Civil Procedure 12(b)(1) that Thiess lacked standing to sue because the asserted injuries were really

---

[2] Thiess also brought a First Amendment retaliation claim, which the district court eventually dismissed and which Thiess has abandoned on appeal. *See* Aplt. Opening Br. at 2 ("[The First Amendment] claim will not be briefed.").

5

Colleton's or Mystinfield's, and alternatively arguing under Rule 12(b)(6) that Thiess had failed to plead plausible constitutional claims. Defendants also urged the district court to decline supplemental jurisdiction over the state-law claims.

As already noted, Thiess never responded to defendants' motion. A little over a year later, the district court issued its decision. *See Thiess v. City of Wheat Ridge*, No. 17-CV-02261-PAB-SKC, 2019 WL 4511630 (D. Colo. Sept. 19, 2019). The district court addressed Thiess's claims on their merits, despite his failure to respond. *Cf. Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

The district court mostly agreed with defendants that Thiess's alleged injuries belonged to Colleton or Mystinfield, meaning Thiess did not have prudential standing to bring claims based on those injuries. *Thiess*, 2019 WL 4511630, at *4–8. The district court found, however, that the city brought its two criminal prosecutions against Thiess personally, so Thiess himself could sue for redress of those injuries. *Id*. at *8.

The district court then turned to Thiess's class-of-one Equal Protection claim, to the extent it could be connected to the criminal prosecutions. The district court found that the claim could not satisfy the high pleading standard described in *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011), and related decisions.

6

*Thiess*, 2019 WL 4511630, at \*9. And, having failed to plead a viable Equal Protection claim, Thiess's *Monell* claim against the city likewise failed. *Id.* at \*10.

Finally, the district court accepted defendants' invitation to decline supplemental jurisdiction over the state-law tort claims. Thus, the court dismissed the Equal Protection claim with prejudice and the state-law claims without prejudice to refiling in state court. *Id.* at \*10–11; *see also* 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction . . . [if it] has dismissed all claims over which it has original jurisdiction . . . .").

## III.  ANALYSIS

Thiess now appeals the district court's dismissal order, but Thiess offers no challenge to the district court's standing analysis, nor its decision not to exercise supplemental jurisdiction over the state-law claims. Thus, the only issue before us is whether Thiess's allegations of criminal prosecution for building code violations plausibly state a class-of-one Equal Protection claim—and, if so, whether Thiess has plausibly alleged that his injuries flow from the city's actions, thus permitting *Monell* liability. On these questions, we are in substantial agreement with the district court that Thiess's allegations regarding the criminal prosecutions brought against him do not meet the high bar described in *Kansas Penn Gaming* for class-of-one claims. *See* 656 F.3d at 1215–19. And, in that light, Thiess has no constitutional violation to attribute to the city through *Monell*.

Thiess alternatively requests that we "remand with directions to allow [him] to amend his class of one equal protection claim and *Monell* claims to more specifically

7

set forth the identity and characteristics of the similarly situated properties that were treated differently and without any rational basis therefor." Aplt. Opening Br. at 15. This is effectively an argument that the district court erred by dismissing Thiess's federal claims with prejudice, rather than with leave to amend. Thiess nowhere acknowledges that we review such decisions for abuse of discretion. *See Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 809 (10th Cir. 2002). Nor does Thiess explain how the district court abused its discretion when Thiess neither responded to the motion to dismiss nor asked the district court for leave to amend. *Cf. Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[N]ormally a court need not grant leave to amend when a party fails to file a formal motion."). "Arguments inadequately briefed in the opening brief," like this one, "are waived." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

## IV.    CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

Entered for the Court

Jerome A. Holmes
Circuit Judge

8