FILED
United States Court of Appeals
Tenth Circuit

October 11, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT
_____

BILLIE SMITH; TRACY SMITH,

    Plaintiffs - Appellants,

v.

TARA MEDINA; COLLEEN ROMERO,

    Defendants - Appellees.

No. 23-1303
(D.C. No. 1:22-CV-02757-PAB-MDB)
(D. Colo.)

_____

## ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Billie and Tracy Smith want to install a septic system on their property, and

they insist on receiving a permit before going through with the installation.  A county

official told them to install the system but refuses to issue a permit until the system is

fully installed and inspected.  Against this backdrop, the Smiths sued under 42 U.S.C.

§ 1983, alleging violations of due process and the Takings Clause.  The district court

dismissed the Smiths' claims.  We affirm.  The Smiths may prefer a different

---

*  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

permitting procedure, but the county's existing procedure does not violate their constitutional rights.

## I.  Background

The Smiths own property in Costilla County, Colorado.  Intending to build a summer home on it, they applied for several permits.  A hangup arose over their application for a permit to install a septic system.  Rather than issue a permit before the installation, Tara Medina, the county land use administrator, told the Smiths that they could install the septic system and she would sign the permit once the system passed an inspection.

The Smiths filed this lawsuit under § 1983 against Ms. Medina and Colleen Romero, another county employee.[1]  They claimed that Colorado law requires them to have a permit before installing the septic system.  And they alleged that they could not obtain a construction permit unless they first obtained the septic-system permit.  As a result, they claimed that Ms. Medina's permitting process prevented them from

---

[1] Ms. Romero also designs septic systems as a private contractor.  The Smiths paid her $500 for soil tests, and they are dissatisfied with her services.  The district court dismissed any claim against Ms. Romero based on her services as a private contractor, holding that the Smiths failed to allege facts showing that she acted under color of state law (a requirement for liability under § 1983) when she provided those services.  *See Lindke v. Freed*, 601 U.S. 187, 194 (2024) (recognizing that § 1983 "protects against acts attributable to a State, not those of a private person").  The Smiths fail to develop any argument against this ruling in their opening brief, so they have waived any challenge to the ruling.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).  To the extent they attempt to challenge the ruling in their reply brief, the challenge comes too late.  *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).

moving forward with their construction project.  Their complaint alleged violations of procedural due process, substantive due process, and the Takings Clause.

The district court dismissed the Smiths' claims, concluding that they failed to state a plausible constitutional violation.[2]  The Smiths appeal.

## II.  Discussion

We review the district court's dismissal de novo.  *See Seale v. Peacock*, 32 F.4th 1011, 1021 (10th Cir. 2022).  We must decide "whether the operative complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the Smiths.  *See id.*  Because the Smiths represent themselves, we construe their filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## A.  Due Process

The Fourteenth Amendment's Due Process Clause prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property

---

[2] The district court alternatively held that even if the Smiths had stated a plausible constitutional claim, the defendants would be entitled to qualified immunity in their individual capacities.  Because we agree that the Smiths failed to state a constitutional claim, we need not address qualified immunity.

for an arbitrary reason regardless of the procedures used to reach that decision."
*Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).

The Smiths argue that the county's procedure violated both procedural and
substantive due process.  They assert that they have a property interest in a
septic-system permit.[3]  We need not decide whether they have a protected property
interest in a permit or whether the county deprived them of it.  Even if they have been
deprived of a property interest in a permit, they still failed to plead a due-process
violation.

## 1.  Procedural Due Process

"The essence of procedural due process is the provision to the affected party of
*some* kind of notice and *some* kind of hearing."  *Onyx Props. LLC v. Bd. of Cnty.
Comm'rs of Elbert Cnty.*, 838 F.3d 1039, 1044 (10th Cir. 2016) (ellipsis and internal
quotation marks omitted).  The Smiths fail to describe what additional notice or
hearing they should have received.  They instead focus on what they perceive to be a
conflict between the county's permitting procedure and Colorado law.  But even if
such a conflict exists, that alone does not make out a constitutional claim:  A
violation of state procedural requirements "does not in itself deny federal
constitutional due process."  *Id.*

---

[3] The Smiths also assert they have been "deprived of fundamental rights to
property."  Aplts. Opening Br. at 1.  We understand them to claim a protected
property interest in using their property as they wish—to build a septic system and
ultimately a residence.  But even if they have such a protected interest, it cannot
support their due-process claims because the county has not deprived them of it.  In
fact, the county has expressly authorized them to install the septic system.

4

To the extent the Smiths believe they have a property interest in a specific

*permitting procedure*, they are mistaken. "[I]t is well established that an entitlement

to nothing but procedure cannot be the basis for a property interest." *Teigen v.*

*Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007) (internal quotation marks omitted).

### 2. Substantive Due Process

"The Due Process Clause contains a substantive component that bars certain

governmental actions regardless of the fairness of the procedures used to implement

them." *Onyx*, 838 F.3d at 1048 (internal quotation marks omitted). Local

governments "enjoy broad latitude in regulating zoning and property uses."

*Schanzenbach v. Town of Opal*, 706 F.3d 1269, 1276 (10th Cir. 2013). And so courts

will find a zoning ordinance violates due process only if it is "clearly arbitrary and

unreasonable, having no substantial relation to the public health, safety, morals, or

general welfare."[4] *Messiah Baptist Church v. Cnty. of Jefferson*, 859 F.2d 820, 822

(10th Cir. 1988).

The county's procedure passes this test. The county could reasonably

conclude that withholding permits until after inspection would allow it to better

ensure that septic systems meet health and safety standards. That is not to say that

the county's procedure is beyond criticism. The Smiths argue, for example, that the

procedure would force them to violate state law by installing a system without a

---

[4] In their reply brief, the Smiths contend that we should evaluate the county's procedure under strict scrutiny. But the Smiths waived this argument by omitting it from their opening brief. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).

permit[5] and that the procedure in fact jeopardizes groundwater.  But our task is not to decide if the county uses the best possible procedure.  We decide only whether its procedure remains within the wide boundaries set by due process.  It does.

Even so, the Smiths dispute that we should treat the permitting procedure as an official county policy.  In their view, the procedure amounts to nothing more than Ms. Medina's "personal edicts."  Aplts. Opening Br. at 17.  Even if that is true, however, they still failed to plead a due-process violation.  Only the most egregious executive action violates substantive due process.  *See Onyx*, 838 F.3d at 1048–49.  It is not enough even to intentionally or recklessly cause injury through the misuse or abuse of power.  *Id.* at 1049.  To violate due process, executive "actions must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."  *Id.* (internal quotation marks omitted).  Whatever we might think about the wisdom of the permitting procedure, it does not shock the conscience.

## B.  The Takings Clause

The Takings Clause establishes that private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V.  "The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property."  *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537

---

[5] The defendants dispute that the procedure conflicts with state law.  We need not resolve this dispute, however, because doing so would not affect the outcome of the Smiths' constitutional claims.

(2005). In some cases, however, a government regulation may "be so onerous that its effect is tantamount to a direct appropriation or ouster." *Id.* Such "regulatory takings" may require compensation. *Id.* (internal quotation marks omitted).

One way a regulation can effect a taking is by depriving "an owner of *all* economically beneficial use of her property." *Id.* at 538 (brackets and internal quotation marks omitted). The county's permitting procedure has not imposed a taking in that way—the Smiths failed to allege facts supporting the conclusion that they have lost all economically beneficial use of their property.

A regulatory action can also amount to a taking under factors identified in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). The factors include the regulation's economic impact on the plaintiff, the extent to which the regulation interferes with investment-backed expectations, and the character of the government's action. *See id.* at 124. At bottom, the *Penn Central* factors reflect an inquiry hinging in large part on "the magnitude of a regulation's economic impact and the degree to which it interferes with legitimate property interests." *Lingle*, 544 U.S. at 540.

The Smiths did not plead a taking under the *Penn Central* factors. Their complaint alleges no facts suggesting that the county's procedure will have a significant economic impact on them. In their response to the motion to dismiss, they claimed that it will increase construction costs by preventing them from working on the home and the septic system simultaneously. But a "constitutional taking requires more than an incidental increase in potential costs." *Ramsey Winch Inc. v. Henry*,

7

555 F.3d 1199, 1210 (10th Cir. 2009).  Nor does the county's procedure interfere in any meaningful way with the Smiths' investment-backed expectations.  They expected to be able to build a home on the property, and the county's procedure allows them to realize that expectation.  Granted, the procedure requires them to work in a sequence they do not prefer.  But they "must expect" occasional restrictions on the use of their property.  *Id.*  Moreover, the county procedure relates to land use, and courts have upheld land-use regulations even when they "destroyed or adversely affected recognized real property interests."  *Penn Central*, 438 U.S. at 125.

## C.  New Claims

The Smiths argue on appeal that they have a "statutory right not to be defrauded of the" septic-system permit, a "constitutional right not to be coerced to knowingly violate" state law governing septic-system installation, and a "constitutional right not to be threatened" by Ms. Medina for refusing to violate state law.  Aplts. Opening Br. at 26.  But the Smiths did not present these claims in their complaint, so we will not consider them now.[6]  *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

---

[6] Even if the Smiths had raised these claims in their complaint, we still would not consider their appellate arguments supporting them because the arguments are inadequately developed.  Indeed, the Smiths fail even to identify the sources of the rights they assert.  In short, the "few scattered statements" in the Smiths' opening brief asserting violations of these rights are too perfunctory to invoke appellate review.  *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

D.  Mootness Rulings

The Smiths challenge the district court's rulings that two issues were moot.

First, based on an exhibit showing that Ms. Medina had approved the Smiths' application for a construction permit, the district court found moot any claim that the county had prevented them from applying for the construction permit.  The Smiths assert that the district court's ruling was wrong because the construction permit is "illegal, invalid, issued only to win dismissal, and threatens" to harm them if they do not agree to violate state law.  Aplts. Opening Br. at 28.  This argument, comprising conclusory assertions without supporting legal authority, is too perfunctory to invoke appellate review.  *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Second, the district court denied as moot the Smiths' motion for a preliminary injunction after it had decided to dismiss their claims.[7]  Because the court had resolved all claims, it correctly concluded that the motion for a preliminary injunction was moot.  *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1998) (recognizing that the very nature of a preliminary injunction is to provide temporary relief until final judgment can be entered).

---

[7] The Smiths titled the motion as one seeking "Declaratory and Injunctive Relief."  R. vol. 1 at 125 (capitalization modified).  In recommending the motion be denied, the magistrate judge construed the filing as a motion for a preliminary injunction, and the Smiths do not dispute that characterization.

E.  Staying Discovery

In their reply brief, the Smiths assert (without analysis) that the magistrate judge erred by staying discovery.  But the Smiths omitted this issue from their opening brief, so they waived it.  *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).  They cannot undo that waiver by raising the issue in their reply brief.  *See id.*

III.  Disposition

We affirm the district court's judgment.

Entered for the Court


Joel M. Carson III
Circuit Judge