**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

CROWN POINT I, LLC, a Delaware
limited liability company,

      Plaintiff - Appellant,

v.

INTERMOUNTAIN RURAL ELECTRIC
ASSOCIATION, a Colorado cooperative
electric association, and THE TOWN OF
PARKER, COLORADO, a Colorado
home rule team,

      Defendants - Appellees.

No. 02-1333

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 02-K-914)**

_____

John P. Baker of Shughart, Thompson & Kilroy, P.C., Denver, Colorado (Jennifer A. Schaffner of Shughart, Thompson & Kilroy, P.C., Denver, Colorado; and Susan C. Hascall of Shughart, Thompson & Kilroy, P.C., Overland Park, Kansas, with him on the briefs), for Plaintiff-Appellant.

Corey Y. Hoffmann of Hayes, Phillips, Hoffmann & Carberry, P.C., Denver, Colorado (Jennifer C. Madsen of Hayes, Phillips, Hoffmann & Carberry, P.C., Denver, Colorado, with him on the briefs), for Defendant-Appellee Town of Parker.

Patrick B. Mooney of Semple, Miller & Mooney, P.C., Denver Colorado (Wendy J. Shea of Semple, Miller & Mooney, P.C., Denver Colorado, with him on the briefs), for Defendant-Appellee Intermountain Rural Electric Association.

Before **HENRY** and **McKAY**, Circuit Judges, and **OBERDORFER,**[*] District Judge.

**OBERDORFER**, District Judge.

Crown Point I, LLC appeals the District Court's dismissal of its complaint against Intermountain Rural Electric Association ("Intermountain) and the Town of Parker, Colorado ("Parker").  Plaintiff's claims arise out of Parker's approval of Intermountain's plan to construct an electrical transmission line through Crown Point's property without first holding a public hearing on the matter.  Plaintiff argues that this failure violated 42 U.S.C. § 1983, and its procedural and substantive due process rights.  The District Court dismissed plaintiff's claims on the grounds that (1) Crown Point did not have a protected property interest sufficient to sustain a due process claim, and (2) Crown Point's due process claims were not ripe for adjudication. We conclude that Crown Point did not have a protected property interest and therefore we affirm the decision of the District Court.

I.

We draw the facts from Plaintiff's well-pleaded complaint.  Crown Point I, LLC is the owner of a portion of Crown Point Development, a multi-use development located in the Town of Parker, Colorado.  In September 2000, after a series of public hearings,

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of the District of Columbia, sitting by designation.

Parker approved the final plat for the Crown Point development which included a sixty-seven million dollar multi-family residential apartment complex on plaintiff's property.

Intermountain Rural Electric Association is a utility company that provides services to Parker and surrounding areas. On March 5, 2001, Intermountain announced its intention to construct a high voltage (115 kilovolt) transmission line in Parker running through open space to the east of plaintiff's property (the "Eastern Route"). This route had no impact on the Crown Point development.

Shortly after Intermountain provided notice, in July 2001, Parker passed an ordinance amending its Land Development Code classifying the construction of a transmission line as a "special use". Parker Municipal Code § 13.04.205(a). The new ordinance required public notice and a hearing prior to the Town Council's approval of such a special use. *Id.* In response to this ordinance, Intermountain filed a special review application with Parker in July 2001.

Before Parker had an opportunity to hold a hearing or to make a determination regarding the application, Intermountain filed an action against Parker in state court related to the passage of the new ordinance. Intermountain also declared a moratorium on all new electrical services in Parker pending the outcome of that suit. On September 17, 2001, pursuant to a settlement agreement reached between Intermountain and Parker, Parker passed Resolution Number 01-042, waiving the special use review requirement with respect to Intermountain's transmission line. Parker waived the special use review

pursuant to a provision in the Land Development Code which allows the Town Council to "authorize waivers from the provisions of this Chapter . . . if [such waivers] are deemed by the Town Council to be in the public interest and does not impair the intent and purposes of this Title." Land Development Code § 13.01.100(a).

As a condition of the waiver, Parker required Intermountain to change the route of its proposed transmission line to one that ran along the northern portion of Crown Point's property (the "Northern Route"). The Northern Route placed transmission lines within thirty feet of Crown Point's new apartment complex.[1] Parker passed Resolution 01-042 at an open meeting of the Parker Town Council; however, it held no separate public hearing prior to granting approval of the transmission line.

In order to prevent the construction along the Northern Route, on May 9, 2002, Crown Point filed the present action in District Court alleging that defendants violated its procedural due process rights by failing to give notice and hold a public hearing related to Intermountain's transmission line. Plaintiff amended its complaint on June 13, 2002, adding an allegation that defendants also violated substantive due process rights. Plaintiff requested injunctive relief to prevent the initiation of condemnation proceedings in state court by Intermountain against Crown Point's property, and a declaratory judgment that

---

[1] Drawings prepared by Intermountain's engineer indicate that the northeast corner of Crown Point Building A will be only 31 feet from a planned pole supporting the transmission line. The northwest corner of Building B will be 19 feet from a planned pole. The third pole will be only thirty-three feet from Crown Point Building C. (A 184-85 and 212-214.)

Intermountain and Parker had violated its due process rights. Plaintiff also requested monetary damages in an amount "to be proven at trial" and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

On June 4, 2002, Intermountain filed a petition in condemnation against Crown Point in Colorado state court seeking to condemn a thirty-two foot wide easement on plaintiff's property.[2] Crown Point moved for a temporary restraining order in the federal action requesting an injunction to prevent the state court case from proceeding. The District Court denied Crown Point's motion and on July 9, 2002, dismissed its complaint. Crown Point appealed the dismissal and moved for an injunction pending appeal. A motion's panel of this Circuit denied Crown Point's motion for an injunction pending appeal concluding that the District Court "was obligated to abstain from enjoining the state court proceedings under *Younger v. Harris*, 401 U.S. 37 (1971)." (August 14, 2002, Order, App. 451-52.)

II.

We consider two issues on appeal: (1) whether the District Court was required to stay the proceedings based on *Younger v. Harris*, 401 U.S. 37 (1971) abstention

---

[2] On September 19, 2002, the state court granted Intermountain's motion for immediate possession of the property in question and required it to pay a bond of $93,950.00 pending a just compensation hearing. Currently, a four day jury trial on the compensation issue is scheduled to begin on August 25, 2003. The court declined to consider Crown Point's due process defense prior to granting immediate possession on the grounds that Crown Point was collaterally estopped from raising the argument due to the District Court's decision on the merits in the federal action.

principles, and (2) whether Crown Point has a protected property interest sufficient to support its due process claim.

A.     Younger Abstention

The applicability of *Younger* abstention was not raised by the parties below. However, the issue arose after a motions panel of this circuit determined, *sua sponte*, that the District Court was required to abstain from granting the plaintiff's request for injunctive relief based on the principles articulated in *Younger v. Harris*. We have noted that: "While a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal, we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal." *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996) (quoting *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986)); *see also Law v. NCAA*, 134 F.3d 1025, 1028 n.3 (10th Cir. 1998) ("A decision of a motions panel . . . is not binding on the merits panel."). We accord less deference because often, as in this case, "a motions panel's decision . . . is tentative because it is based on an abbreviated record and made without the benefit of full briefing and oral argument." *Stifel*, 81 F.3d at 1544. Events in the state court proceeding occurring after the motions panel made its decision require us to find that *Younger* abstention is not applicable in this case.

*Younger* abstention "is the exception, not the rule." *Joseph A. v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).  In determining whether *Younger* abstention is appropriate, a court considers whether:  "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted).  Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain.  *See Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989).

It is clear in this case, that the state court condemnation action is an "ongoing" proceeding for *Younger* purposes.  *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (state action is ongoing if the federal litigation is in "an embryonic stage and no contested matter has been decided").  Additionally, there is little doubt that eminent domain proceedings implicate "important state interests" and are "matters which traditionally look to state law for their resolution."  *See* C.R.S. § 29-20-108(1) (The Colorado General Assembly has declared that "the location, construction, and improvement of major electrical and natural gas facilities are matters of statewide

concern."); *see also Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28

(1959) (noting that eminent domain is "intimately involved with state prerogative").

However, we find that plaintiff does not have an adequate opportunity to raise its federal

claims in state court. Typically, a plaintiff has an adequate opportunity to raise federal

claims in state court "unless state law clearly bars the interposition of the [federal

statutory] and constitutional claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292

(10th Cir. 1999) (quoting *Moore v. Sims*, 442 U.S. 415, 425-26 (1979)). Colorado law

does not bar such claims. However, because the state court found that plaintiff was

collaterally estopped from raising its due process claims due to the federal court's

dismissal on the merits, it did not have an opportunity to raise its federal claims in the

state court proceedings prior to the state court's grant of immediate possession to

Intermountain.[3] The unique posture of the case leads us to the conclusion that this is not

---

[3] We note that the district court's order appears to find both that Crown Point had no property interest and that Crown Point's "more generalized Fourteenth Amendment due process protections are not ripe" for adjudication, 215 F. Supp. 2d 1130, 1133 (D. Colo. 2002). In finding that the claim was not ripe for adjudication, the District Court should not have reached the due process issue. We therefore read the district court's order as dismissing largely on the basis of unripeness, and thus not as a dismissal on the merits. A finding that Crown Point's claim is unripe does not constitute an adjudication on the merits for purposes of claim preclusion. *See Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*, 857 F.2d 55, 65 (2nd Cir.1988) (citing 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3532.1, at 137 (1984) ("[I]t should be clear that dismissal for lack of ripeness is not a decision on the merits for purposes of preclusion by judgment.")); *Criste v. City of Steamboat Springs*, 122 F. Supp. 2d 1183, 1186 (D. Colo. 2000). Thus, Intermountain's arguments before the federal and state courts are internally inconsistent: Intermountain argued the case was unripe before the federal district court and then argued preclusion based on the federal district court's dismissal for unripeness before the state court.

one of the rare circumstances in which *Younger* abstention is applicable. We therefore, turn to the merits of Plaintiff's claim.

B.    Crown Point's Due Process Claim

In order to prevail on its 42 U.S.C. § 1983 claim, plaintiff must demonstrate that it suffered a deprivation of a federally protected right. *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). Crown Point claims a deprivation of its Fourteenth Amendment procedural and substantive due process rights. To state a claim for a violation of due process, plaintiff must first establish that it has a protected property interest and, second, that defendants' actions violated that interest. *See Weathers v. West Yuma County Sch. Dist.*, 530 F.2d 1335, 1337 (10th Cir. 1976). We need only address the first condition because we conclude that Crown Point has failed to establish that it has a protected property interest.

A property interest includes a "legitimate claim of entitlement" to some benefit created and defined by "existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Here, plaintiff alleges that it has a "legitimate claim of entitlement" to the special use review procedures set forth in Parker's Land Development Code § 13.04.205. Specifically, it alleges that it has a property interest in "the right to proceed on the assumption that a governing body will follow its own mandatory notice and public hearing procedures as set forth in a city code, before depriving a landowner of the use and enjoyment of its

property." Appellant's Brief at 34. Crown Point contends that had the hearing been held, as the local ordinance requires, it would have had the opportunity to persuade the Town Council that the Northern Route was not appropriate. The District Court found that plaintiff had not established a property interest "because [it] would have no reasonable guarantee of prevailing on its request that the transmission line be rerouted even if the omitted hearing had taken place." (A. 299.)

It is well established that "the mere existence of an entitlement to a hearing under state law, without further substantive limitation, does not give rise to an independent substantive [property] interest protected by the fourteenth amendment." *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1117 (10th Cir. 1991); *see also Cain v. Larson*, 879 F.2d 1424, 1429 (7th Cir. 1989) ("In order to give rise to a constitutionally protected property interest, a statute or ordinance must go beyond mere procedural guarantees to provide some substantive criteria limiting the state's discretion."). In this case, Crown Point has pointed to no criteria in the procedures set forth in the Land Development Code that would limit Parker's discretion in granting or denying Intermountain's proposed land use.

As we explained in *Hyde Park*, when a party challenges a land use decision by a governing body on due process grounds, the proper inquiry is whether that body had limited discretion in granting or denying a particular zoning or use application. *See Hyde*

*Park*, 226 F.3d at 1210.[4]  A property interest exists if discretion is limited by the procedures in question, that is, whether the procedures, if followed, require a particular outcome.  *Id.*  However, where the governing body retains discretion and the outcome of the proceeding is not determined by the particular procedure at issue, no property interest is implicated.  *Id.* ("Whether a property interest exists in the outcome of a particular zoning board decision depends not on the probability of a favorable result, but on the degree of discretion vested in the decision-maker.")

We find additional support for our conclusion in the Colorado Supreme Court's recent decision in *Hillside Comty. Church v. Olson*, 58 P.3d 1021 (Colo. 2002).  In that case, the court held that "a state procedural failure alone . . .  does not create a violation of constitutional proportions."  58 P.3d at 1027.  In *Olson*, the city of Golden's Municipal Code required it to hold a public hearing before granting a special use permit to a landowner.  Plaintiffs brought a 42 U.S.C. § 1983 action arguing that their due process rights were violated because the city failed to hold the required public hearing before allowing a neighboring church to build an addition on the property.  Plaintiffs contended that they had a legitimate claim of entitlement to participate in a special use permit

---

[4] Plaintiff attempts to distinguish *Hyde Park* by arguing that the reasoning of the case should apply only to due process claims brought by a landowner who received an unfavorable decision on its own application for a particular land use, and not to a third party who has not made an application before the town council. This distinction fails. Crown Point seeks to challenge the decision of the Parker Town Council to grant Intermountain's proposed land use on due process grounds.  The inquiry in this case therefore, as in the situation presented in *Hyde Park*, is whether the Town had only limited discretion to grant or deny a particular land use.

hearing. In denying plaintiffs' claim, the Colorado Supreme Court explained that "there can be no property right in mere procedure." 58 P.3d at 1026. The court continued: "The crux of our examination is not compliance with or violation of the prescribed procedure; rather, it is determining whether Respondents had a preexisting entitlement which gives rise to constitutional due process guarantees, an inquiry we answer in the negative." *Id.* at 1027.

In the case before us, Crown Point states that it has legitimate claim of entitlement to participate in a hearing prior to Parker's approval of Intermountain's proposed land use. However, it fails to point to any limitation on Parker's discretion that would create a protectible property interest in the special use review procedure.

For the foregoing reasons, we AFFIRM the district court.