**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NATHANIEL W. ELLIBEE,

   Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Warden,
El Dorado Correctional Facility,
Official and Private Capacity; LIZA
A. MENDOZA, Legal Counsel,
KDOC, Official and Private Capacity;
EDWARD R. PUGH, Kansas State
Senator, Official Capacity; JAY
SCOTT EMLER, Kansas State
Senator, Official Capacity;
TED POWERS, Kansas State
Representative, Official Capacity,

   Defendants-Appellees.

No. 05-3479
(D.C. No. 03-CV-3194-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Judge, **O'BRIEN** and **McCONNELL,** Circuit Judges.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Nathaniel W. Ellibee, a Kansas state prisoner proceeding pro se, appeals the district court's disposition of his claims brought under 42 U.S.C. § 1983 challenging deductions from his prison income. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Mr. Ellibee is serving a life sentence for murder. He has been employed during his incarceration for which he was paid wages. From August 1996 through May 2001, the prison deducted $3,223.09 from his inmate trust account pursuant to a Kansas state statute that directed five percent of certain inmate wages to be paid to a crime victims compensation fund. *See* Kan. Stat. Ann. § 75-5211(b). Prison personnel promulgated Internal Management Policy and Procedure (IMPP) 04-109 to implement the statute. IMPP 04-109 provides that five percent of a prisoner's gross wages shall be paid to a crime victims compensation fund. Mr. Ellibee contends that § 75-5211(b) does not apply to him and the deductions violated his constitutional rights.

Mr. Ellibee filed an administrative complaint with the Joint Committee on Special Claims against the State, as well as a prison grievance, challenging the five-percent deductions. Defendants Pugh, Emler, and Powers, Kansas state legislators, apparently comprised the committee that considered Mr. Ellibee's administrative claim. Defendant Mendoza, a Special Assistant Attorney General, represented the state's interests before the committee. Both the administrative

claim and the prison grievance were denied, thus satisfying the exhaustion requirement of 42 U.S.C. § 1997e(a).

Mr. Ellibee sued, naming as defendants the three Kansas legislators, the assistant attorney general, and the prison warden. The district court screened the complaint pursuant to 28 U.S.C. § 1915A(a) and (b), and dismissed all defendants except the warden because the complaint failed to state a claim for relief against those defendants. The court then ordered a *Martinez*[1] report, and ultimately granted summary judgment to the warden. The district court later denied Mr. Ellibee's post-judgment motion.

On appeal, Mr. Ellibee argues the five-percent deductions from his wages violated his procedural and substantive due process rights, as well as his rights under the Equal Protection Clause and the Fourth, Fifth, Seventh, and Eighth Amendments to the United States Constitution.

*Standards of Review*

We review de novo the district court's order granting summary judgment, applying the same standard as the district court. *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1]     *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). We may affirm the district court's judgment on any grounds, even those not relied upon by the district court, so long as the record is sufficient to permit conclusions of law. *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 666 n.15 (10th Cir. 2006). Mr. Ellibee is representing himself on appeal so his pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## *Discussion*

"In order to prevail on [his] 42 U.S.C. § 1983 claim, plaintiff must demonstrate that [he] suffered a deprivation of a federally protected right." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 (10th Cir. 2003). The heart of Mr. Ellibee's claim is that the five-percent deductions are in violation of state law, specifically Kan. Stat. Ann. § 75-5211(b), a claim he cannot bring in a § 1983 action. Section 1983 provides a remedy only when the plaintiff is deprived of a right or privilege under federal law; it is not a vehicle for challenging whether a state prison regulation is authorized under state law. Such a claim must be brought in state court. With that in mind, we consider Mr. Ellibee's arguments on appeal.

## *Procedural Due Process*

Mr. Ellibee asserts that his procedural due process rights were violated because he was not afforded a hearing before the deductions were made, and the

post-deprivation proceedings he did receive were inadequate. To evaluate a procedural due process claim, we ask whether the individual "possess[ed] a protected property interest to which due process protection was applicable," and whether an appropriate level of process was afforded. *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006).

Mr. Ellibee contends that he was entitled to due process to establish that he was not ordered to pay restitution, and therefore, that his wages were not subject to the five-percent deductions for the crime victims compensation fund. But IMPP 04-109 provides for five percent of prison wages to be paid to the victims fund regardless of whether the inmate was ordered to pay restitution. Therefore, there was no need for a hearing to determine if Mr. Ellibee had outstanding obligations in the form of restitution, because the deductions properly would have been made either way. Accordingly, assuming without deciding that he had a protected property interest in his prison wages, we conclude that Mr. Ellibee's procedural due process rights were not abridged.

*Substantive Due Process*

Mr. Ellibee alleges that Warden Simmons was "upset and disgruntled" because his sentence did not include an order of restitution. Aplt. Br. at 27. As a result, according to Mr. Ellibee, the warden implemented IMPP 04-109 to deprive him of a portion of his prison income, a "blatant abuse of power" that violates substantive due process. *Id.* at 28.

-5-

"Specific uses of executive power violate substantive due process only when they 'shock the conscience.'" *Rector v. City & County of Denver*, 348 F.3d 935, 948 (10th Cir. 2003) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)). It does not shock the conscience to require inmates to contribute a small part of their prison wages to a crime victims compensation fund. Accordingly, we deny the substantive due process claim.

*Equal Protection*

For his equal protection claim, Mr. Ellibee asserts that the five-percent deduction was applied differently to him and other medium- and maximum-security inmates than to minimum-security inmates. He "does not contend [he] is either a member of a suspect class or was denied a fundamental right," and he does not argue that the statute or prison policy is not "rationally related to a legitimate government purpose." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006). Consequently, he has not shown an equal protection violation.

*Fourth Amendment*

Mr. Ellibee argues on appeal that the district court refused to consider his Fourth Amendment claim, even though the court granted him leave to amend his complaint to include such a claim. As the district court explained, the order granting leave to amend also ordered Mr. Ellibee to file an amended complaint, but he never did. Therefore, the district court did not abuse its discretion when it

later declined to permit Mr. Ellibee to bring his Fourth Amendment claim after discovery had closed. *Cf. Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) ("We review a denial of a motion to supplement a complaint for abuse of discretion.").

*Fifth Amendment*

For his claim under the Fifth Amendment, Mr. Ellibee points out that part of the five-percent deductions paid to the crime victims compensation fund were used to fund the Crime Victims Compensation Board. Therefore, according to him, the deductions were an unlawful taking of private property for public use.

The Fifth Amendment Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." *U.S. Const.* amend. V. That clause is applicable to the States through the Fourteenth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). "A party challenging governmental action as an unconstitutional taking bears a substantial burden." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 718 (10th Cir. 2004) (quotation omitted).

We assume the five-percent deductions were authorized under state law, Kan. Stat. Ann. § 75-5211. Mr. Ellibee concedes that the state statute is constitutional. The prison regulation, IMPP 04-109, is on the same constitutional footing as the statute. Accordingly, we hold that Mr. Ellibee has not carried his

substantial burden to show that the deductions, authorized by state law and prison regulation, were an unconstitutional taking.

*Seventh Amendment*

Mr. Ellibee next claims that the doctrine of collateral estoppel barred the five-percent deductions because they were a new sentence of restitution, added well after his original sentencing. He invokes the Seventh Amendment's reexamination clause, arguing that this attempt to add to his sentence was unconstitutional. But Mr. Ellibee's claim is not a Seventh Amendment claim; rather, it is a repackaging of his argument that the state statute does not apply to him. As we have held above, this claim is not cognizable in a § 1983 action.

*Eighth Amendment*

Mr. Ellibee argues that the five-percent deductions violated his Eighth Amendment right to be free from cruel and unusual punishment. The deductions were not punishment, however. Rather, they were a state-law requirement that if an inmate earned wages, five-percent would be deducted and paid to a crime victims compensation fund. Again, this claim is nothing more than an argument that the state statute does not apply to him, a claim he cannot bring under § 1983.

*Conclusion*

Mr. Ellibee's motion to strike appellee's brief is denied. His motion requesting this court to order the prison to submit the filing fee in full is denied as moot. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid. The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge