**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

FRANCISCO SERNA; AJHALEI
SNODDY,

    Plaintiffs - Appellants,

v.

CITY OF COLORADO SPRINGS;
WYNETTA MASSEY; DARLENE
KENNEDY; DENNIS BARRON,

    Defendants - Appellees.

No. 24-1149
(D.C. No. 1:23-CV-00728-DDD-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**,
Circuit Judge.
_____

This appeal arises from eminent domain litigation the City of Colorado

Springs brought in state district court against Francisco Serna and Ajhalei Snoddy.

During the pendency of the eminent domain case, Mr. Serna and Ms. Snoddy

("Plaintiffs") filed a federal lawsuit against the City of Colorado Springs and several

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

city officials. The district court dismissed their claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Plaintiffs have appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

The eminent domain litigation involved a public works project in Colorado Springs. That litigation resulted in an award of $103,203.75 as just compensation for Plaintiffs. The case is pending in the Colorado Court of Appeals.

During the course of the eminent domain litigation, Plaintiffs filed at least five unsuccessful federal lawsuits against numerous defendants. They assert that the public works project for which the City took their property was federally funded, and they were therefore entitled to certain protections under the Uniform Relocation Assistance and Real Property Acquisition Act ("URA"), 42 U.S.C. §§ 4601-4655. In the instant case, Plaintiffs asserted claims under the URA, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559.

After Plaintiffs amended their complaint, the defendants moved to dismiss Plaintiffs' claims. A magistrate judge recommended granting the motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. After Plaintiffs filed objections, the district court adopted the recommendation in full and granted the motion to dismiss with prejudice. Pertinent to this appeal, the reasons for dismissal included: (1) the district court was required to abstain from exercising jurisdiction over the constitutional claims under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971);

2

(2) there is no private right of action under the URA; and (3) the City of Colorado Springs is not an "agency" within the meaning of the APA. Plaintiffs timely appealed.

## II. Discussion

We review the district court's dismissal under Rule 12(b)(1) de novo. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).

### A. *Younger* Abstention

"*Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Travelers Cas. Ins. Co. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (internal quotation marks omitted). Abstention is required when three conditions are satisfied: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (internal quotation marks omitted).

Plaintiffs challenge the district court's holding that *Younger* abstention applies for two reasons. First, they contend *Younger* abstention is inapplicable because the eminent domain litigation did not provide them with an adequate forum to raise their federal claims. We disagree. In *Crown Point I, LLC v. Intermountain Rural Electric Association*, 319 F.3d 1211 (10th Cir. 2003), we recognized that in the typical eminent domain case in Colorado, a litigant has an adequate opportunity to raise federal claims because Colorado law does not bar "the interposition of . . . federal statutory and

3

constitutional claims." *Id.* at 1215 (brackets and internal quotation marks omitted). This is consistent with Colorado state law. *See Auraria Businessmen Against Confiscation, Inc. v. Denver Urban Renewal Auth.*, 517 P.2d 845, 847 (Colo. 1974) ("Constitutional objections to the eminent domain proceedings should be raised in those proceedings and be determined by the court in limine and not by way of a collateral injunction proceeding.").

Plaintiffs note that in *Crown Point* we held that given the "unique posture" of that case, the plaintiff-property owner did not have an opportunity to raise federal claims in the eminent domain proceeding because the state court held the owner was collaterally estopped from raising its federal claims. *See Crown Point*, 319 F.3d at 1215-16. Plaintiffs' case, however, is not in a similarly unique posture. The state court did not bar Plaintiffs from presenting federal claims, and Plaintiffs could have presented them during the nearly five-year pendency of the eminent domain proceedings.

Second, Plaintiffs argue that Rule 12(b)(1) is an improper framework for determining the application of *Younger*. In support, they point to cases in which the Tenth Circuit has suggested that *Younger* abstention is not a matter of subject matter jurisdiction—rather, it asks only whether the court should refrain from exercising jurisdiction. We reject this argument. The Supreme Court has observed that it treats *Younger* abstention "as jurisdictional." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998). Consistent with the Supreme Court's observation, we routinely

4

analyze *Younger* abstention in the context of Rule 12(b)(1).[1]  *See, e,g., Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507-09 (10th Cir. 2023).

### B.  URA Claim

Plaintiffs argue the district court erred in holding the URA does not confer a private right of action.  To create a private right of action, Congress must use "rights-creating language."  *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001) (internal quotation marks omitted).  Such language must "explicitly confer[] a right directly on a class of persons that include[s] the plaintiff."  *Cannon v. Univ. of Chi.*, 441 U.S. 677, 690 n.13 (1979).  "Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."  *Alexander*, 532 U.S. at 289 (internal quotation marks omitted).

Plaintiffs seize on a single phrase in the URA—"[n]o person shall be required to move," 42 U.S.C. § 4626(b)—to argue that Congress intended to create a private right of action.  But as the district court noted, "[t]he provisions of the [URA] reflect a focus on the regulated persons and agencies, rather than the intended beneficiaries."  R. vol. 5 at 179.  Indeed, the unmistakable focus of § 4626 is the burdens and responsibilities placed upon "the head of the displacing agency," who is mentioned no fewer than four

---

[1] Relatedly, Plaintiffs argue the district court erred in dismissing with prejudice because *Younger* dismissals are typically ordered without prejudice.  But dismissal with prejudice is appropriate where, as in this case, no amendment could cure the defect in the complaint.  *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001).  In addition, a district court may deny leave to amend and dismiss a complaint with prejudice when it has already allowed an amendment that failed to cure the deficiencies.  *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

times. In short, we agree with other federal courts that "the URA, in imposing policies on the heads of federal . . . agencies . . . , creates no individually enforceable rights." *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014); *see also Osher v. City of St. Louis*, 903 F.3d 698, 702-03 (8th Cir. 2018); *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009); *Ackerley Commc'ns of Fla., Inc. v. Henderson*, 881 F.2d 990, 991, 993 (11th Cir. 1989).

### C. APA Claim

While an affected homeowner has no recourse under the URA because it does not create an enforceable right, it may be possible to challenge alleged violations of the URA under the APA. *See Ackerley*, 881 at 993 (holding the APA is "the exclusive remedy for alleged violations of the URA"). The district court, however, held that the City is not a "federal agency" for purposes of the APA. We agree. The APA defines an "agency" to mean "each authority of the Government of the United States . . . ." 5 U.S.C. § 551(1). Colorado Springs is a home-rule municipality under article 20, section 6 of the Colorado Constitution. Clearly, it is not an agency of the federal government. It is true that local and state governments are often the recipients of federal funding, thus subjecting them to federal regulations "[t]o assure that the . . . funds are spent for the purposes for which they were intended." *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981). But "those regulations do no convert acts of local and state governmental bodies into federal governmental acts." *Id.* at 1374.

### III.  Conclusion

We affirm the district court's ruling in all respects.  All pending motions are denied as moot.

Entered for the Court


Gregory A. Phillips
Circuit Judge